[No. 1485.]

WILLIAM G. JONES ET ALS. *v.* THE STATE.

1. SCIRE FACIAS—PRACTICE.—The sufficieney of an information to charge an offense cannot be assaulted in a proceeding upon the forfeited bail bond.
2. SAME—BAIL BOND.—It is sufficient to the validity of a bail bond, that it names an offense *eo nomine* denounced by the Code, and in that case it need not set forth the constituent elements of the offense named.
3. SAME.—*Scire facias* is sufficient, in this respect, if it recites that the defendant was charged with slander.
4. SAME—CITATION—JUDGMENT NISI.—"To show cause why said judgment shall not be made final," is the proper citation in a judgment *nisi.*
5. SAME.—It is no objection, in an action upon a bail bond, that the citation was issued during the term of the court at which judgment *nisi* was rendered.
6. SAME.—JUDGMENT FINAL on forfeited bail bonds cannot now be rendered at the criminal terms of the County Courts.

APPEAL from the County Court of Camp. Tried below before the Hon. M. N. Brooks, County Judge.

The appeal in this case is from the judgment final on the forfeiture of the bond of W. G. Jones, bailed on a charge of slander. The amount of the bond and judgment was six hundred dollars.

*White & Plowman,* for the appellants.

*J. H. Burts,* Assistant Attorney General, for the State.

HURT, JUDGE. The judgment in this case at a former day of this term was affirmed without written opinion. Appellants file their motion for a rehearing, which contains a matter not called to our attention in argument, or by their brief before.

But, before treating of this matter, we will notice, as presented in the motion for rehearing, the grounds for rehearing and a reversal of the judgment.

1. The information shows no offense against the law. Answer: The information cannot be attacked in this collateral way, and if it does not affirmatively appear that it charges a different

offense from that named in the bond, though defective, defendant in a suit on the bond cannot urge its defects.

2. Because the bond is variant from the information, and does not state the charge in the information. Answer: The bond names an offense, and the information attempts, at least, to charge the offense named in the bond. This will be sufficient.

3. Because the bond, in setting forth the offense, fails to show that the defendant was charged with any offense. The offense named in the bond is "*slander;*" this will be sufficient without describing the elements of this offense. Slander is named in the Code, and occupies the same ground as theft, rape, or murder; and hence its elements need not be inserted in the bond, if the name of the offense is given. Nor will the bond be defective because only a part of the elements are inserted. This was unnecessary; the name of the offense will suffice.

4. Because the *scire facias* is variant from the information, and does not set forth the offense with which defendant was charged. It sets forth that defendant is charged with *slander*.

5. Because the citation to the sureties does not follow the judgment *nisi*, and does not cite them to show cause why defendant did not appear; but to show cause "why said judgment should not be made final." This is just as it should be. (Code Crim. Proc., Art. 442.)

6. Because the citation issued during the term of the court at which judgment *nisi* was rendered. There is nothing in this.

7. Because the final judgment was rendered at a *criminal term* of the County Court, and that, therefore, the court had no power or jurisdiction to render the same. This is the new matter alluded to above; and upon this ground, it appearing by the record to be true, the judgment must be reversed and the cause remanded. (*Hart* v. *The State*, 13 Texas Ct. App., 555.)

We have found no other error in the record. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 14, 1883.